## Schuster v. Schuster.

*Divorce—Practice, C. P.—Trial by jury—Prejudice to public morals—Act of April 20, 1911.*

1. The Act of April 20, 1911, P. L. 71, disallowing trial by jury in divorce cases, where such trial "cannot be had without prejudice to public morals," has in view only such evidence as pertains to the sexual relations.

2. The act does not refer to evidence pertaining to cruel and barbarous treatment.

3. The law favors a trial by jury. It has never been the policy of the law to deprive any one of a trial by jury, and this is true in a divorce suit as well as in any other action.

Rule for jury trial. C. P. Mercer Co., Oct. T., 1923, No. 42.

*Benjamin Jarrett,* for respondent; *Thomas H. Armstrong,* for libellant.

PER CURIAM, April 14, 1925.—This is a rule by the respondent in a proceeding for divorce to show cause why he should not be allowed a jury trial.

The Act of Assembly of April 20, 1911, P. L. 71, provides that in an action of divorce either of the parties desiring [the determination of] any matter of fact that is affirmed by one and denied by the other may take a rule upon the opposite party to show cause why the issues of fact shall not be tried by a jury. It is then provided that the court shall fix a time for the hearing and determine whether or not the trial by jury shall be granted. The act then says: "But such rule shall not be made absolute when, in the opinion of the court, a trial by jury cannot be had without prejudice to public morals."

This sentence in the Act of 1911 is rather inaptly framed. As we understand it, the meaning is that a power is put in the hands of the court to grant or refuse an issue, but with this condition, that an issue shall not be granted when the public morals might be prejudicially affected. The discretion of the court is not confined to the question of the effect of a jury trial upon the morals alone, but there may be other matters arising which might render a jury trial inadvisable.

The law favors a trial by jury. It has never been the policy of the law nor the practice of the court to deprive any one of a trial by jury, and that is true in a divorce suit, as well as in any other action. We think in this case there is nothing that should deprive the respondent of this right, unless it might be because of the fact that it cannot be had without prejudice to public morals. We have only the allegations set forth in the libel to determine the nature

Schuster *v.* Schuster.

of the testimony.  The libel charges cruel and barbarous treatment, "such treatment consisting of physical abuse, pushing and striking and threatening the life of the libellant and threatening her with bodily harm and imparting venereal diseases."

It is true that the testimony presented in a divorce case where the charge is cruel and barbarous treatment may be such as to be injurious to public morals.  The details of abuse inflicted by a husband upon his wife must affect that important institution of our civilization—the home.

The act of assembly, however, does not refer to testimony of this kind, having in view only such evidence as is presented pertaining to the sexual relation.  Of the several allegations charged in the libel, there is just one that might come within the provisions of the act of assembly.  Ordinarily, testimony of this kind is presented by a physician and is limited to a very few questions.  We do not have before us any information as to the nature of the testimony to be presented, except as might be drawn from the statements in the libel, and we do not feel justified in refusing a jury trial because of the reason stated in the Act of 1911.  The respondent is entitled to have the issues of fact tried by a jury.

### Order.

And now, April 14, 1925, the respondent's rule for a jury trial is made absolute and counsel will prepare the issues to be tried by a jury.